**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4558**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

KENTRAL DONVRUS CHESTNUT, a/k/a Trell,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, Chief District Judge.  (4:12-cr-00576-TLW-5)

_____

Submitted:  May 28, 2014         Decided:  June 2, 2014

_____

Before MOTZ, GREGORY, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Tristan M. Shaffer, TRISTAN SHAFFER, ATTORNEY AT LAW, Chapin, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kentral Donvrus Chestnut appeals his 192-month sentence imposed after he pled guilty pursuant to a plea agreement to one count of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2012). Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that Chestnut's sentence is procedurally unreasonable because the district court erred in finding that Chestnut's family responsibilities and the abuse he endured as a child were not bases for a downward variance. The Government has declined to file a responsive brief and Chestnut has not filed a pro se supplemental brief, despite receiving notice of his right to do so. Finding no error, we affirm.

We review sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We must evaluate both the procedural and substantive reasonableness of the sentence. Id. at 51. In evaluating procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. Id. at 49-51. If the sentence is free of significant procedural error, we review it for substantive reasonableness,

2

"tak[ing] into account the totality of the circumstances." Id. at 51.

When rendering a sentence, the district court must "make an individualized assessment based on the facts presented." Id. at 50. After choosing a sentence, the court must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Id.

The district court in this case granted the Government's motion for a downward departure based on Chestnut's substantial assistance, resulting in a significant reduction in Chestnut's Guidelines range. At sentencing, Chestnut argued that he warranted an additional downward variance below this reduced Guidelines range on the basis of his significant family responsibilities and the abuse he endured as a child. The district court listened to these arguments for a downward variance, but nonetheless found that Chestnut "engaged in very serious conduct" and was a significant drug dealer with a substantial criminal history. The court further reasoned that the crime to which Chestnut pled guilty was serious, that he failed to show respect for the law in the past, and there was a need to deter him from committing future crimes. Balancing these factors against Chestnut's arguments for a variance, the

3

district court concluded that Chestnut provided no reason to vary from the already significantly reduced Guidelines range.

We conclude that the district court adequately explained the sentence and its reasons for rejecting counsel's argument for a downward variance. Moreover, the reasons given by the district court fully justified the sentence imposed. Cf. United States v. Pauley, 511 F.3d 468, 474-75 (4th Cir. 2007) (affirming defendant's downward variance sentence where district court explained the sentence by referring to the § 3553(a) factors).

We have examined the entire record in accordance with our obligations under Anders and have found no other meritorious issues for appeal. Accordingly, we affirm the district court's judgment.

We ask counsel to inform Chestnut, in writing, of the right to petition the Supreme Court of the United States for further review. If Chestnut requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Chestnut. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before this court and argument would not aid the decisional process.

AFFIRMED